UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER AYALA,<br><br>                         Defendant. | Case No.:  11cr2991 JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

Defendant Francisco Javier Ayala moves, pro se, for a sentence reduction on the basis of Amendment 782 to the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G."). (Doc. No. 33.) Amendment 782 revised the Drug Quantity Table in Guidelines section 2D1.1 and reduced by two levels the offense level applicable to many drug offenses.[1]  For the following reasons, the court denies Defendant's motion.

## DISCUSSION

In general, a criminal sentence is final upon completion of direct review, and the sentencing court thereafter lacks authority to revisit it.  Dillon v. United States, 560 U.S.

---

[1] Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effective date to November 1, 2015.  See U.S.S.G., supp. App'x. C, amend. 788 (2014); U.S.S.G. § 1B1.10.

1

817, 821 (2010); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009).  However, Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir. 2013).  In such circumstances, a two-step analysis applies.  <u>Dillon</u>, 560 U.S. at 827.  First, the court must determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing."  <u>Id.</u>  If the defendant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted.  <u>Id.</u>  But the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission."  <u>See generally</u> U.S.S.G. § 1B1.10.

Here, Defendant pled guilty to knowingly and intentionally importing approximately 8.04 kilograms of cocaine in violation of 21 U.S.C. §§ 952 and 960.  (Doc. No. 18.)  That offense carried a mandatory minimum of ten years in prison, <u>see</u> 21 U.S.C. § 960(b)(1), which the court imposed at sentencing, (Doc. No. 31).  Amendment 782 did not alter that mandatory minimum sentence, <u>see</u> <u>United States v. Waipa</u>, No. 15-10392, 2016 WL 3430550, at *1 (9th Cir. June 22, 2016), and thus, while the amendment may have generally lowered the base offense level for the quantity of cocaine attributed to Defendant, it does not affect his sentence.  Consequently, Defendant is not eligible for a sentence reduction.

## CONCLUSION

For these reasons, the court denies Defendant's motions for a sentence reduction.

IT IS SO ORDERED.

DATED: December 5, 2016

JEFFREY T. MILLER
United States District Judge